```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PERCY BENGAMIN SMITH, JR.                       CIVIL ACTION

VERSUS                                          NUMBER: 12-1551
                                                C/W 12-1906

ROBERT CROWE, ET AL.                            SECTION: "F"(5)
```

**REPORT AND RECOMMENDATION**

The above-captioned consolidated 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Percy Bengamin Smith, Jr., against defendants, a number of former or current correctional officers affiliated with the Washington Parish Jail ("WPJ") and WPJ itself. (Rec. doc. 8 in 12-CV-1551; rec. doc. 1 in 12-CV-1906). Plaintiff, an inmate of WPJ at the time that he authored his complaints, complained of a variety of conditions of confinement that allegedly existed at that penal facility. (Id.)

After summonses were issued and the Marshal undertook efforts to serve the named defendants under Rule 4(c)(3), Fed. R. Civ. P., various orders and Court-generated mail that were sent to plaintiff at his address of record were returned to the Court as undeliverable. (Rec. docs. 18, 22, 23 in 12-CV-1551; rec. doc. 12 in 12-CV-1906). The most recently returned piece of that undeliverable mail bears the notation that plaintiff is no longer housed at WPJ and that the mail was unable to be forwarded. (Rec. doc. 23 in 12-CV-1551, pp. 1-3). It has now been thirty-five days

since the first of those undeliverable pieces of mail was returned to the Court and no address correction has been made by plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current.... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by

mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaints, the sixth page of which state that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 8 in 12-CV-1551, p. 6; rec. doc. 1 in 12-CV-1906, p. 6). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  11th   day of January, 2013

_____
UNITED STATES MAGISTRATE JUDGE